# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARLON GOODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10CV679 |
| | ) | |
| ALVIN W. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Plaintiff's pro se Motion to Alter and Reconsider and Amend the Judgment (Docket Entry 31). For the reasons that follow, the Court should deny Plaintiff's instant Motion.

### BACKGROUND

Plaintiff instituted this action by filing a pro se Petition under 28 U.S.C. § 2254. (Docket Entry 2.) On September 16, 2011, the Court (per Senior United States District Judge N. Carlton Tilley, Jr., adopting the recommendation of United States Magistrate Judge Wallace W. Dixon) denied the Petition. (Docket Entry 25, 26; see also Docket Entry 22.) Petitioner thereafter filed a Notice of Appeal on September 22, 2011. (Docket Entry 27.) On September 30, 2011, Petitioner filed the instant Motion, along with a supporting brief (Docket Entries 31, 32), Respondent gave

notice of his opposition (Docket Entry 33), and Petitioner replied

(Docket Entry 35).  The appeal proceeded prior to any action by the

Court on the instant Motion and the United States Court of Appeals

for the Fourth Circuit entered an order of dismissal as follows:

> [Petitioner] seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2006) petition.  The order is not appealable unless a circuit justice or judge issues a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(1)(A) (2006).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2006).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85.
>
> We have independently reviewed the record and conclude that [Petitioner] has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss the appeal.

(Docket Entry 38 at 2.)  Petitioner subsequently filed a document

objecting to the failure of the Court to address his instant

Motion.  (Docket Entry 41.)[1]

<u>DISCUSSION</u>

Petitioner's instant Motion and brief in support contend that,

pursuant to Federal Rule of Civil Procedure 59(e), the Court should

---

[1] By taking action on the instant Motion, the Court will render moot the above-cited Objection.

-2-

alter or amend its Order and Judgment denying his Petition. (Docket Entry 31 at 1; Docket Entry 32 at 5, 11, 22.) "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Accordingly, Petitioner's instant Motion was timely filed. However, because Petitioner had filed a timely Notice of Appeal, <u>see</u> Fed. R. App. P. 4(a)(1)(A), before he filed the instant Motion, it was not clear whether this Court had jurisdiction to rule on the instant Motion at the time of its filing. <u>Compare</u> <u>Lewis v. Miller</u>, 459 F. App'x 256, 257 (4th Cir. 2011) ("[The plaintiff] filed a notice in the district court stating that he did not receive the report and recommendation [of dismissal which the district court adopted]. However, because Lewis had already noted his appeal, the district court did not have jurisdiction to act on that notice, which can be construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e)."), <u>with</u> Fed. R. App. P. 4 advisory committee note, 1993 Amend., Note to Paragraph (a)(4) ("A notice [of appeal] filed before the filing of one of the specified motions [which include a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)] or after the filing of [such] a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

-3-

In any event, the Fourth Circuit now has relinquished its jurisdiction over this case and, therefore, the undersigned Magistrate Judge has reviewed the instant Motion (along with its supporting brief), as well as Respondent's response, and Petitioner's reply. In essence, Petitioner asserts that the Court should withdraw its denial of the Petition because the entry of judgment against him, particularly without holding an evidentiary hearing, constitutes "a clear error of law," subject to correction via Federal Rule of Civil Procedure 59(e). (Docket Entry 32 at 5-22.) Although this Court may alter or amend a judgment "to correct a clear error of law," Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), Petitioner has shown no such error. Instead, Petitioner simply has repeated the same basic arguments he presented (or could have presented) in connection with his Petition and the Court's adjudication of Respondent's summary judgment motion. (Compare Docket Entries 31, 32, with Docket Entries 2, 17, 18, 24.) "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995)); accord Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir.

-4-

1993) ("[M]ere disagreement does not support a Rule 59(e) motion.").[2]

CONCLUSION

Petitioner has failed to provide a valid basis under Federal Rule 59(e) to alter or amend the Court's prior Order and Judgment dismissing his Petition.

**IT IS THEREFORE RECOMMENDED** that Petitioner's pro se Motion to Alter and Reconsider and Amend (Docket Entry 31) be denied and that Petitioner's pro se Objection (Docket Entry 41) be denied as moot.

                                    /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                            **United States Magistrate Judge**

January 22, 2013

---

[2] The determination by the Fourth Circuit, based on its own, independent review, that reasonable jurists could not debate the decision of this Court to deny the Petition and/or that the Petition failed to present a debatable claim (see Docket Entry 38 at 2) confirms that this Court did not commit a clear error of law by denying the Petition.