IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARLON GOODWIN,           )
                          )
         Petitioner,      )
                          )
    v.                    )        1:10CV679
                          )
ALVIN W. KELLER,          )
                          )
         Respondent.      )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's pro se Motion to Reverse Judgment (Docket Entry 47). For the reasons that follow, the Court should deny Petitioner's instant Motion.

BACKGROUND

Petitioner instituted this action by filing a pro se Petition under 28 U.S.C. § 2254. (Docket Entry 2.) On September 16, 2011, the Court (per Senior United States District Judge N. Carlton Tilley, Jr., adopting the recommendation of United States Magistrate Judge Wallace W. Dixon) denied the Petition. (Docket Entry 25, 26; see also Docket Entry 22.) Petitioner thereafter filed a Notice of Appeal on September 22, 2011. (Docket Entry 27.)

On September 30, 2011, Petitioner moved, pursuant to Federal Rule of Civil Procedure 59(e), for the Court to alter, reconsider, and amend that denial. (Docket Entry 31.) The appeal proceeded

prior to any action by the Court on that Rule 59(e) Motion and the United States Court of Appeals for the Fourth Circuit entered an order of dismissal of Petitioner's appeal as follows:

> [Petitioner] seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2006) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.
>
> We have independently reviewed the record and conclude that [Petitioner] has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

(Docket Entry 38 at 2.)

Petitioner subsequently filed a document objecting to the failure of the Court to address his Rule 59(e) Motion. (Docket Entry 41.) By Order dated March 11, 2013, the Court (per Judge Tilley) denied Petitioner's Rule 59(e) Motion, by adopting a recommendation by the undersigned Magistrate Judge over objections by Petitioner. (See Docket Entries 43, 45, 46.) On March 26, 2013, Petitioner filed the instant Motion and supporting brief. (Docket Entries 47, 48.) Petitioner also noticed an appeal "from

-2-

Case 1:10-cv-00679-NCT-LPA   Document 51   Filed 06/06/13   Page 2 of 7

the final Judgment and or Order refusing to reinstate Petitioner's Rule 59(e) Motion entered in this action on or about the 11th day of March 2013." (Docket Entry 49 at 1.)[1]

DISCUSSION

Petitioner contends that, "pursuant to Rule 60(b)(3); or 60(b)(6) of the Fed. R. Civ. P., . . . this [C]ourt [should] reverse it [sic] Final Judgment . . . ." (Docket Entry 48 at 1.) The provisions of Federal Rule of Civil Procedure 60 referenced by Petitioner state as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "In determining whether

---

[1] Despite the fact that said Notice expressly references the Order entered by Judge Tilley on March 11, 2013, Petitioner dated said Notice as signed on "the 10th day of March 2013." (Docket Entry 49 at 1.) The Clerk stamped said Notice as filed on April 15, 2013 (id.), a date consistent with stamps on the envelope Petitioner used to convey said Notice reflecting its receipt by this Court on April 15, 2013, its receipt by North Carolina prison officials on April 11, 2013, and its postmarking on April 11, 2013 (Docket Entry 49-1 at 1). Further, although said Notice characterizes the Order of March 11, 2013, as having "refus[ed] to reinstate Petitioner's Rule 59(e) Motion" (Docket Entry 49 at 1), said Order, in fact, documented the Court's "de novo determination in accord with the [undersigned] Magistrate Judge's report" (Docket Entry 46 at 1) and the Court's action "adopt[ing] the [undersigned] Magistrate Judge's Recommendation" (id.). Said Recommendation, in turn, expressly considered Petitioner's Rule 59(e) Motion on the merits (see Docket Entry 43 at 4) and recommended its denial because "Petitioner ha[d] failed to provide a valid basis under Federal Rule 59(e) to alter or amend the Court's prior Order and Judgment dismissing his Petition" (id. at 5).

-3-

to exercise the power to relieve against a judgment under 60(b), the courts must engage in the delicate balancing of the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of All the facts." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (1979) (internal quotation marks omitted) (capitalization for effect in original). Accordingly, "certain requirements have been established by the Rule and the courts that must be met by those seeking relief under this extraordinary remedy." Id.

First, a party seeking relief under Rule 60(b) must "have a meritorious claim or defense . . . ." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011). Second, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Third, Rule 60(b)(6) and Rule 60(b)(1)-(5) are mutually exclusive; where a claim could arise under subsections (b)(1)-(5), a movant may not invoke subsection (b)(6). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 n.11 (1988). Fourth, "[w]here the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982); see also Aikens, 652 F.3d at 501 (ruling that Rule 60(b) cannot serve as "substitute for an appeal").

-4-

As grounds for his instant Motion, Petitioner asserts that "misconduct of the Respondent and their agents took place in the form of having a policy that denied [p]ro-[s]e [h]abeas [p]etitioners whom were to [sic] poor to hire their own attorney to represent them on collateral review of their convictions a law library and also denying such indigent [p]etitioners access to a law library after the [p]etitioner[s] had their case rejected by North Carolina Prisoner Legal Services . . . ." (Docket Entry 48 at 2.) Petitioner further contends that, as a result, he "failed to understand the applicable laws to be applied to IAC [ineffective assistance of counsel] claims . . . [and he] failed in properly learning of and understanding the prejudice part of [such claims] . . . and what to assert and allege in [his] Petition for Habeas Corpus, which thereafter lead [sic] this Court to deny [him] relief on [his] claim of IAC in failing to investigate and assert the defense of self-defense." (Id. at 5.) Petitioner also argues that the state trial court's "ruling as to [his] claim #3 was in err [sic]. Also this Court['s] decision to apply the highly deferential standards of review of § 2254(d) is also in err [sic]." (Id. at 10; see also id. at 11 (requesting that Court "give [Petitioner] the de novo standard of review of this claim as well as claim #5 an [sic] #7" and asserting that state trial court "did not address [claim #7] at all nor did this Court did not [sic]

address this claim properly as well").) These contentions do not provide proper grounds for relief under Rule 60(b)(3) or (6).

First, Petitioner has failed to show that he has a meritorious claim as required, see Aikens, 652 F.3d at 501; in other words, after a thorough review, the undersigned Magistrate Judge concludes that nothing presented by Petitioner in connection with his instant Motion would alter the determination by the Fourth Circuit, based on its own, independent review, that reasonable jurists could not debate the decision of this Court to deny the Petition and/or that the Petition failed to present a debatable claim (see Docket Entry 38 at 2). Second, Petitioner did not file the instant Motion within a reasonable time, as required, see Fed. R. Civ. P. 60(c)(1), but instead waited over 18 months after entry of judgment (and even beyond adjudication of his appeal by the Fourth Circuit) before raising a matter (i.e., the absence of a law library at his prison) about which he had knowledge when he filed his Petition; moreover, to the extent Petitioner seeks to proceed under Rule 60(b)(3), he failed to file the instant Motion within a year of the Court's judgment, as required, see Fed. R. Civ. P. 60(c)(1). Third, to the extent Petitioner bases his instant Motion on alleged misconduct by Respondent, a matter specifically addressed by Rule 60(b)(3), Petitioner cannot invoke Rule 60(b)(6). See Liljeberg, 486 U.S. at 864 n.11. Fourth, to the extent Petitioner asserts that the Court made legal errors in adjudicating his Petition, he

-6-

Case 1:10-cv-00679-NCT-LPA   Document 51   Filed 06/06/13   Page 6 of 7

cannot proceed via Federal Rule of Civil Procedure 60(b). See Williams, 674 F.2d at 313. As a final matter, Petitioner's assertion that North Carolina must provide both law libraries and access to North Carolina Prisoner Legal Services ("NCPLS") lacks merit. See Coil v. Peterkin, No. 1:07CV145, 2009 WL 3247848, at *10 (M.D.N.C. Oct. 5, 2009) (unpublished) (citing collection of cases in Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995), recognizing that NCPLS "satisfies the Constitution's requirement that inmates be given meaningful access to the courts").

## CONCLUSION

Petitioner has failed to provide a valid basis for relief under Federal Rule of Civil Procedure 60(b)(3) or (6).

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Reverse Judgment (Docket Entry 47) be denied.

                         /s/ L. Patrick Auld
                          **L. Patrick Auld**
                    **United States Magistrate Judge**

June 6, 2013